UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE STRICKLAND, JR., #1071686, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:05CV00021 TIA |
| CITY OF HANNIBAL, MISSOURI, DOUG KLIENER, HANNIBAL POLICE DEPARTMENT, JOHN WALSCHLAGER, MARION COUNTY SCHOOL DISTRICT, JOHN JACKSON, THOMAS REDDINGTON, D. C. KERWIN, UNKNOWN STRATTON, UNKNOWN JONES, UNKNOWN TAYLOR, DOUG DRY, GLORIA HOBBES, UNKNOWN GAGE, UNKNOWN WHITE, MIKE ROUTH, MIKE McHARGUE, KEVIN WHITE, TIM DANN, RICK JOHNSON, J. T. FRANKLIN, T. J. WEBER, LINDEL DAVIS, JOE HUNOLD, HANNIBAL COURIER-POST, MAY LOU MONTGOMERY, JARED IAN KASSMAN, MARK SCHULTZ, MRS. MARK SCHULTZ, CHASITY MARINE, BETH MARINE, DANNY PRITCHETT, JESSICA DAWN RICKEY, HOWARD JACOB RICKEY, KEVIN MICHAEL DUNBAR, ANGEL GILLUM, LARA SCHMITT, STEVIE WATERS, JARED KATZMAN, THOMAS METTERNIK, JEREMY BEHON, JOSH BEHON, JASON BATES, MIKE WISDOM, JESSICA WHIEL, JAMES BEILSMITH, PAUL BOYD, CHRISTY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**BAKER-NEAL, REV. WILLIAM** )
**MALLORY, DAVID A. DOLAN and** )
**GREGORY SPENCER, JOHN DOES** )
**1 - 19 and JANE DOES 1 - 16,** )
)
      **Defendants.** )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff Lawrence Strickland, Jr., (Registration No. 1071686) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-months period immediately preceding the submission of his complaint on March 22, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement

indicates an average monthly deposit of $15.83, and an average monthly account balance of $.98. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.17, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate at Missouri Eastern Correctional Center, seeks monetary relief for violation of his constitutional rights in this 42 U.S.C. § 1983 action against the numerous named defendants. Specifically, plaintiff states that defendants discriminated against him because of his race, African-American, and that he has been the victim of racial hate crimes and harassment. He states

3

that he was incarcerated on "trumped up" charges and that he and his family were subjected to racial slurs and mob violence. Plaintiff alleges that white youths shot at him and his family with a paint ball gun; that a police officer threatened him with arrest and failed to take other action when a white youth "displayed a pistol at [him]"; that the *Hannibal Courier-Post* published libelous articles about him; that Rev. Mallory of the Hannibal chapter of the NAACP exhibited prejudice against him because he has a white wife and biracial children; and that Scott County prosecutors conspired against him.

## Discussion

Plaintiff's claims against defendants John Yancy, Doug Kliener, John Jackson, John Walschlager, Marion County School District, John Jackson, D. C. Kerwin, Unknown Stratton, Unknown Jones, Unknown Taylor, Doug Dry, Gloria Hobbes, Unknown Gage, Unknown White, Mike Routh, Mike McHargue, Kevin White, Tim Dann, Rick Johnson, J. T. Franklin, T. J. Weber, Lindel Davis, Joe Hunold, Mary Lou Montgomery, Jared Ian Kassman, Mark Schultz, Mrs. Mark Schultz, Chasity Marine, Beth Marine, Danny Pritchett, Jessica Dawn Rickey, Howard Jacob Rickey, Kevin Michael Dunbar, Angel Gillum, Lara Schmitt, Angel Gillum, Lara Schmitt, Stevie Waters, Jared Katzman, Thomas Metternik, Jeremy Behon, Josh Behon, Jason Bates, Mike Wisdom, Jessica Whiel, James Beilsmith, David A. Dolan, Gregory Spencer, John Does 1-19, and Jane Does 1-16, should be dismissed because there are no allegations concerning these defendants at all. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). It is not the duty of the Court to supply additional facts or construct a legal theory for plaintiff that

4

assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Accordingly, these defendants will be dismissed.

Also, and in the alternative, in order to state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Defendants Montgomery, Kassman, Schultz, Mrs. Schultz, C. Marine, B. Marine, Brown, Pritchett, J. Rickey, H. Rickey, Dunbar, Gillum, Schmitt, Waters, Katzman, Metternik, Jeremy Behon, Josh Behon, Bates, Wisdom, Whiel, Beilsmith, Mallory, John Does 1, 3-19, and Jane Does 1-16 are not state actors for purposes of § 1983, and, thus, the complaint is legally frivolous as to these defendants.

As to defendant City of Hannibal, Missouri, although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. *Id.* at 694. There being no such allegation in the present action, the complaint is also legally frivolous as to defendant City of Hannibal, Missouri.

Similarly, it is unclear whether defendant Hannibal Police Department is a suable entity subject to municipal liability under § 1983. Nevertheless, even assuming, *arguendo*, that the police department is a suable entity, plaintiff has failed to allege that defendant's unlawful actions were performed pursuant to "policy or custom." *See Monell*, 436 U.S. at 694; *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at*1 (8th Cir. 2001) (police departments are generally not suable entities under § 1983; local governments can be liable under § 1983 only if injury stems from official

5

policy or custom). As such, the complaint as to this defendant will be dismissed as legally frivolous.

As to defendants Reddington, Boyd, Baker-Neal and Spencer, state prosecutors are entitled to absolute prosecutorial immunity for claims arising out of their conduct during plaintiff's criminal prosecution. *See, e.g., Burns v. Reed*, 500 U.S. 478 (1991) (prosecutors are "absolutely immune from damages liability . . . for eliciting false and defamatory testimony from witnesses"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *overruled on other grounds by Burns v. Reed*, 500 U.S. 478 (1991) ("allegations that a prosecutor knowingly offered, used or presented false, misleading or perjured testimony at trial . . . do not defeat absolute prosecutorial immunity, regardless of how reprehensible such conduct would be if it occurred"); *White v. Murphy*, 789 F.2d 614, 615-16 (8th Cir. 1986) (conspiracy to conceal an unlawful arrest and suppress favorable evidence does not defeat absolute prosecutorial immunity). Therefore, plaintiff's claims as to these defendants are frivolous.

Plaintiff's allegation that the *Hannibal Courier-Post* published articles that "slandered" him and prevented him from getting a fair trial are also frivolous. Neither the Constitution nor any laws contemplated under § 1983 establishes a "right" or "privilege" to be free from libel. Consequently, no action under § 1983 may lie for plaintiff's libel claim against the *Hannibal Courier-Post*. *See Thomas v. News World Communications,* 681 F.Supp. 55, 66 (D.D.C.1988) (*citing Paul v. Davis,* 424 U.S. 693, 711-12, *reh'g denied,* 425 U.S. 985 (1976).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee

of $3.17 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 14th Day of July, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**